UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| KYLE T. MULLINGS,<br><br>                              Petitioner,<br><br>                 -v-<br><br>SCOTT FINLEY, WARDEN, FCI SCHUYLKILL,<br><br>                              Respondent. | 23 Civ. 9603 (PAE)<br><br>ORDER |

PAUL A. ENGELMAYER, District Judge:

On November 1, 2023, petitioner Kyle T. Mullings filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Dkt. 1. Mullings is the plaintiff in a pending civil action in New York state court, in which he seeks damages for personal injuries arising out of an automobile accident on July 19, 2016. Dkt. 1, Ex. 1 at 2–5 (underlying complaint). He is also an inmate at Federal Correctional Institution, Schuylkill ("FCI Schuylkill"), located in Minersville, Pennsylvania, where he is serving a 12-year term of imprisonment for various offenses. Judgment, Dkt. 108, *United States v. Mullings*, 19 Crim. 779 (AKH) (entered Jan. 4, 2023); Judgment, Dkt. 388, *United States v. Mullings*, 15 Cr. 854 (SHS) (entered July 26, 2019). Mullins requests that the Court issue the writ to require respondent Scott Finley, Warden of FCI Schuylkill, to produce him for a deposition on December 13, 2023, at 10:00 a.m., presumably to be taken within FCI Schuylkill. Dkt. 1 at 2.

As Mullins notes, Section 2241 permits federal courts to issue a writ of habeas corpus if "[i]t is necessary to bring [a prisoner] into court to testify or for trial." 28 U.S.C. § 2241(c)(5). It appears, however, that he has sought the writ from the wrong federal court. District courts are limited to granting habeas relief "within their respective jurisdictions." 28 U.S.C. § 2241(a). As

the Supreme Court explained in *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the "traditional rule" for such petitions is that jurisdiction over a prisoner's custodian "lies in only one district: the district of confinement." *Id.* at 443; *see also, e.g., Carbo v. United States*, 364 U.S. 611, 617 (1961). For FCI Schuylkill, that district is the Middle District of Pennsylvania, not the Southern District of New York.

The Court, however, acknowledges that earlier precedent is not pellucid on this point. In particular, in *Carbo v. United States*, 364 U.S. 611 (1961), the Court held that the writ of habeas corpus *ad prosequendum* ("prosecutorial writ") may issue extraterritorially, but left open the question as to the writ at issue here—the writ of habeas corpus *ad testificandum* ("testimonial writ"). For the avoidance of doubt, however, the Court *sua sponte* proposes to transfer this case to the Middle District of Pennsylvania, pursuant to 28 U.S.C. § 1406(a), as courts routinely do when presented with Section 2241 petitions filed in an improper venue. *See Shehnaz v. Ashcroft*, No. 04 Civ. 2578 (DLC), 2004 WL 2378371, at *4 (S.D.N.Y. Oct. 25, 2004) (collecting cases). Given the rapidly approaching deadline for Mullings's scheduled deposition, the Court orders Mullings to file, by November 7, 2023, a letter on the docket of this case responding to the Court's proposal to transfer his petition.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: November 3, 2023
        New York, New York

2